**FILED**
JUL 17 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Joseph Miller,                         )
                                       )
       Plaintiff,              )
                                       )
v.                                     )    Civil Action No.  17-1280 (UNA)
                                       )
Sarah Farrington *et al.*,             )
                                       )
       Defendants.             )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff, who lists his address as Saint Elizabeths Hospital in the District of Columbia, sues an individual with the same listed address and the United States. He seeks "extraordinary compensatory relief" in the amount of $150 million. Compl. at 3. According to plaintiff, the individual defendant was assigned to be his social worker in August of 2015. At that time, defendant allegedly "collected" plaintiff's "direct express credit card [worth] $1,299.35 for

1

safekeeping[,]" but "allowed the credit card to be used at three department stores causing plaintiff to be indigent and homeless." Compl. at 1. Plaintiff asserts that "the United States is responsible for the Saint Elizabeth Hospital social worker," *id.* at 2, but long ago, "Congress transferred responsibility for the operation of Saint Elizabeths Hospital from the federal government to the District of Columbia[.]" *In re Myrick*, 624 A.2d 1222, 1226 (D.C. 1993) (citing D.C. Code §§ 32-621 through -628, effective October 1, 1985)).

The complaint's allegations do not present a federal question. Furthermore, plaintiff and the defendant share the same address, thereby negating a basis for exercising diversity jurisdiction.[1] Hence, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: July 13, 2017

United States District Judge

---

[1] Even if the defendant is a citizen of another state, the outcome would be the same because the Court can state with "legal certainty" that any potential recovery for compensatory damages based on the alleged loss of $1,299 is well below the diversity statute's $75,000 threshold. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 97-98 (D.D.C. 2014) ("To dismiss for failure to plead amount in controversy, the court must be able to say, after crediting all of the plaintiff's factual allegations . . . that a verdict in excess of the jurisdiction minimum . . . would have to be set aside as a matter of law.") (citations and internal quotation marks omitted; ellipses in original)).